<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ, <br><br>    Plaintiff, <br><br> v. <br><br> BRIAN MOYNIHAN BANK OF AMERICA, GARY "GZA" GRICE, <br><br>    Defendants. | Civil Action No. 23-07321 (SDW)(CLW) <br><br> **WHEREAS OPINION** <br><br> September 15, 2023 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Danny Amen Valentine Shabazz's ("Plaintiff") filing of a Complaint (D.E. 1) and an application to proceed *in forma pauperis*, (D.E. 35 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

  **WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff's legal conclusions of copyright infringement are not accepted as true, and he has not presented facts to support those claims. *See Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted. Although Plaintiff has submitted numerous filings in support of his claims, they were nonsensical, consisting of, *inter alia*, rambling letters, photographs, news stories about current events, screenshots of websites, and statutory excerpts; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs indicates that Plaintiff receives no monthly income and has zero dollars in his bank account. (D.E. 35 at 1–2.) At the same time, Plaintiff also reports monthly income from future employment. In

addition, Plaintiff represents to have $15,000 in monthly expenses, including $8,000 for "[r]egular expenses for operation of business, profession, or farm," $2,100 in rental/mortgage payments, $700 in utilities, and $1,000 each in food, clothing, laundry/dry-cleaning, and medical/dental expenses, but fails to attach a detailed statement in support of his reported expenses. (*Id.* at 5.); therefore

Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff shall have thirty (30) days to file an amended Complaint and re-submit an application for IFP status, accompanied by supportive documentation. Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
Parties

---

[1] Plaintiff's "motion to expedite Summary Judgment" (D.E. 6), "motion to expedite" (D.E. 21), and "motion to expedite and injunction of NDA" (D.E. 23) are dismissed without prejudice. Plaintiff has not paid the required filing fee or been granted to proceed in forma pauperis, and the named defendants this action have not been served.