<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MOYNIHAN BANK OF AMERICA, GARY "GZA" GRICE,<br><br>Defendants. | Civil Action No. 23-07321 (SDW)(CLW)<br><br>**WHEREAS OPINION**<br><br>September 26, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Danny Amen Valentine Shabazz's ("Plaintiff") filing of a First Amended Complaint (D.E. 40 ("FAC")) and an application to proceed *in forma pauperis*, (D.E. 41 ("Second IFP Application")), and this Court having *sua sponte* reviewed the FAC for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th

1

at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* FAC are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated Plaintiff's rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff's conclusory allegations that Bank of America illegally froze $7.9 million in funds he obtained through the Paycheck Protection Program are not accepted as true, and he has not presented facts to support those claims. *See Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted; and

**WHEREAS** "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). Plaintiff's FAC fails to present a federal question and does not establish diversity jurisdiction. *See* Fed. R. Civ. P. 8(a). Therefore, subject

matter jurisdiction has not been established. *See* Fed. R. Civ. P. 12(b)(1); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (finding that a complaint must be dismissed and jurisdiction is not established when it "does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties . . . ."); and

**WHEREAS** Plaintiff's Second IFP Application indicates that Plaintiff receives no monthly income and has zero dollars in his bank account. (D.E. 41 at 1–2.) At the same time, Plaintiff represents to have $1,400 in monthly expenses, including $700 for medical and dental expenses, $500 on transportation, and $100 each in laundry/dry cleaning and recreation/entertainment, but fails to attach a detailed statement in support of his reported expenses. (*Id.* at 4–5.) Plaintiff also fails to answer question regarding how much cash he has. (*Id.* at 2.); therefore

Plaintiff's Second IFP Application is **DENIED WITHOUT PREJUDICE** and Plaintiff's FAC is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff shall have thirty (30) days to file an amended Complaint and re-submit an application for IFP status, accompanied by supportive documentation. Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

                                                              /s/ Susan D. Wigenton  
                                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc:    Cathy L. Waldor, U.S.M.J.  
        Parties